UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

EQUAL RIGHTS CENTER, )
11 Dupont Circle NW, Suite 400 )
Washington, DC 20036 )
 )
and )
 )
MARC FIEDLER ) Civ. No.:
2737 Devonshire Place, N.W., # 316 )
Washington, D.C. 20008 )
 )
 )
 Plaintiffs, )
 )
 v. )
 ) JURY TRIAL DEMANDED
HILTON HOTELS CORPORATION )
9336 Civic Center Drive )
Beverly Hills, CA 90210 )
 )
 Serve: United States Corporation Company )
 1090 Vermont Avenue, N.W. )
 Washington, D.C. 20005 )
 )
 Defendant. )
 )

## COMPLAINT

1. Plaintiffs Equal Rights Center ("ERC") and Marc Fiedler (collectively, "Plaintiffs"), by their attorneys, Constantine Cannon LLP and the Washington Lawyers' Committee for Civil Rights and Urban Affairs, bring this Complaint against Defendant, Hilton Hotels Corporation, for unlawful failure to meet accessibility requirements for people with disabilities in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq. ("ADA"), its implementing regulations, 28 C.F.R., Pt. 36 & App. A, and the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 et seq ("DCHRA"). This failure includes

92310.4

failure to disperse accessible hotel rooms and suites among the various classes of sleeping accommodations in accordance with Title 28 C.F.R. Pt. 36, App. A ("ADA Standards for Accessible Design"), Section 9. Plaintiffs seek declaratory and injunctive relief in addition to compensatory damages and fees, and allege as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction of this matter under 28 U.S.C. § 1331, § 1343 (a)(4), and § 1367.

2. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) and (c).

## PARTIES

3. The ERC is a non-profit civil rights membership organization organized under the laws of the District of Columbia with its principal place of business at 11 Dupont Circle, N.W., Suite 400, Washington, D.C. 20036. The ERC's organizational purpose is to identify, challenge, and eliminate discrimination in housing, employment, public accommodations, and government services through education, research, testing, counseling, enforcement, and advocacy. The ERC's goals include eliminating discrimination on the basis of disability, assisting individuals with disabilities in addressing issues related to their disabilities, and educating the public regarding the rights of individuals with disabilities. The ERC brings this case on its own behalf and as a representative of its members, whose rights to travel, stay in, and enjoy the amenities of hotels both in the region and throughout the country have been infringed by the Defendant. The ERC has suffered the loss or diversion of resources in counseling its

members who complained of discrimination at Defendant's hotels, and in investigating Defendant's conduct.

4. Mr. Fiedler is disabled by a spinal cord injury which causes him to have a substantial limitation on the major life activity of walking, and uses a wheelchair for mobility. He resides at 2737 Devonshire Place, N.W., # 316, Washington, D.C. 20008. Mr. Fiedler is a member of the ERC.

5. Defendant Hilton Hotels Corporation is a corporation incorporated under the laws of Delaware that owns and/or operates numerous hotels across the country, including the Hilton Washington Embassy Row, 2015 Massachusetts Ave. N.W., Washington DC 20036, the Hilton Washington, 1919 Connecticut Avenue N.W., Washington, D.C. 20009, the Capital Hilton, 1001 16th Street N.W., Washington, D.C. 20036, and the Hilton Oceanfront Resort, 23 Ocean Lane, Hilton Head Island, South Carolina 29928.

## ADDITIONAL FACTUAL ALLEGATIONS

### Failure to Disperse

6. Upon information and belief, numerous Hilton Hotels owned and/or operated by Hilton Hotels Corporation fail to disperse sleeping rooms and suites accessible to persons with disabilities among the various classes of sleeping accommodations available to patrons of the hotel. These include rooms with double occupancy, which can be critical to persons with disabilities traveling with family members or attendants, and rooms with particular views.

7. According to the Hilton Hotels website (www.hilton.com), approximately 31% of Hilton hotels only offer ADA accessible rooms with one bed.

8. The Hilton Washington Embassy Row fails to provide ADA accessible double rooms, as required by the ADA Standards for Accessible Design, Section 9.1.4.

9. According to the Hilton Hotels website (www.hilton.com), of the Hilton hotels that specifically offer rooms with particular views as a different room category, approximately 86% do not have an ADA accessible room with such a view.

10. In 2006, Plaintiff Fiedler attempted via telephone from his residence in Washington, D.C. to book a wheelchair-accessible room at the Hilton Oceanfront Resort in Hilton Head, South Carolina for a September vacation. He wished to stay in a room with a view of the ocean, and was prepared to pay a premium rate to do so.

11. However, Mr. Fiedler was informed by a reservations representative that none of the rooms with an ocean view were wheelchair-accessible.

12. Mr. Fiedler has a continuing desire to vacation at the Hilton Oceanfront Resort.

**Inaccessible Features**

13. Upon information and belief, many hotels owned and/or operated by Defendant also fail to conform to the accessibility requirements of the ADA.

14. The Hilton Washington in Washington, DC contains serious barriers to access in rooms designated as accessible, including a round bathroom doorknob rather than one that does not require tight grasping, tight pinching, or twisting of the wrist to operate (as required by the ADA Standards for Accessible Design, Section 4.13.9), and no accessible route within the unit to the bed (as required by the ADA Standards for Accessible Design, Section 9.2.2). The Hilton Washington also fails to comply with the ADA Standards for Accessible Design, Section 7.2 in that it does not provide access to its registration counter in the lobby or equivalent access which could include, for example, providing a folding shelf attached to the main counter on which an

individual with disabilities can write, and use of the a space on the side of the counter or at the concierge desk for handing materials back and forth.

15. The Capital Hilton in Washington DC contains serious barriers to access in rooms designated as accessible, including controls and operating mechanisms for lights and temperature controls that require tight grasping, pinching, and twisting of the wrist to operate, in violation of the ADA Standards for Accessible Design, Section 4.27.4, and no accessible route within the unit connecting all elements of the room (such as the entrance to the bathroom, the bed, and the desk), as required by the ADA Standards for Accessible Design, Section 9.2.2. The Capital Hilton also fails to comply with the ADA Standards for Accessible Design, Section 7.2 in that it does not provide access to its registration counter in the lobby or equivalent access which could include, for example, providing a folding shelf attached to the main counter on which an individual with disabilities can write, and use of the a space on the side of the counter or at the concierge desk for handing materials back and forth.

16. The Hilton Oceanfront Resort in Hilton Head, South Carolina contains serious access issues throughout a room designated as accessible, including a lack of grab bars at the water closet in violation of the ADA Standards for Accessible Design, Section 4.16.4, and an inaccessible pathway to the balcony due to a 1.5-inch ledge both inside and outside the sliding door, in violation of the ADA Standards for Accessible Design, Section 9.2.2(6)(d). The Hilton Oceanfront Resort also fails to comply with the ADA Standards for Accessible Design, in that public areas of the Hilton Oceanfront Resort are inaccessible to people with disabilities. For example, various public restrooms near its Registration Center, Activity Center, and Conference Area do not have compliant grab bars, in violation of the ADA Standards for Accessible Design, Section 4.17.6; the force for opening the door to the Activity Center restroom is too great, in

violation of the ADA Standards for Accessible Design, Section 4.13.11; and the Activity Area and Conference Area restroom sinks do not have the required knee clearances above the floor, in violation of the ADA Standards for Accessible Design, Section 4.19.2. In addition, there is no accessible seating for people with disabilities at either of the two hotel bars, in violation of the ADA Standards for Accessible Design, Section 5.1.

17. In response to the violations identified above, the ERC has performed site surveys of a number of other hotels owned and/or operated by Defendant, and has found serious ADA violations in these hotels, including: Hilton Oakland Airport, Oakland, California; Hilton San Francisco, San Francisco, California; Hilton San Diego Resort, San Diego, California; Hilton Los Angeles Airport, Los Angeles, California; Hilton Los Angeles North, Los Angeles, California; Hilton Suites Oakbrook, Oakbrook, Illinois; Hilton O'Hare Airport, Chicago, Illinois; The Drake, Chicago, Illinois; Chicago Hilton, Chicago, Illinois; The Palmer House Hilton, Chicago, Illinois; Hilton Boston Back Bay, Boston, Massachusetts; Hilton Boston Logan Airport, Boston, Massachusetts; Hilton Short Hills, Short Hills, New Jersey; Hilton Rye Town, Rye Brook, New York; Hilton New York, New York, New York; The Waldorf-Astoria, New York, New York; Hilton Dallas-Fort Worth Lakes Conference Center, Grapevine, Texas; Hilton McLean Tyson's Corner, McLean, Virginia; Hilton Alexandria Mark Center, Alexandria, Virginia; and Hilton Seattle Airport, Seattle, Washington.

18. Violations of the ADA identified by ERC surveys of these hotels include: barriers in virtually every accessible guest room surveyed; no accessible seating in over 90 % of these hotel restaurants; inaccessible registration desks; and stairs preventing access to hotel restaurants, conference rooms and business centers. In addition, reservations for accessible rooms were often not honored, and the guest was often given a room with different features than that reserved.

19. The Hilton website, at www.hilton.com, contains inaccessible features, and does not comply with website accessibility guidelines.

**Impact of Defendant's Discrimination**

20. In addition to Mr. Fiedler, the ERC's membership includes individuals with disabilities who patronize Defendant's hotels throughout the Washington, D.C. metropolitan area and nationally, or who would do so but for their knowledge of these accessibility barriers.

21. Defendant's continuing discrimination against individuals with disabilities has harmed and will continue to harm the ERC by, among other things:

    (a) frustrating the ERC's mission of promoting equal opportunities for persons with disabilities with respect to the use of public accommodations;

    (b) forcing the ERC to incur costs necessary to investigate complaints regarding Defendant's violations of the ADA and the DCHRA; and

    (c) forcing the ERC to divert resources from other issues vital to its membership, such as accessible housing, transportation and public services, in order to combat Defendant's violations of the ADA and DCHRA.

22. Defendant's policies, practices and procedures prevent Mr. Fiedler and other unnamed members of the ERC from enjoying in a meaningful, independent manner the goods and services offered at Defendant's hotels in the Washington, D.C. metropolitan area and throughout the nation. Unless the court enjoins Defendant from such discrimination, Mr. Fiedler and other unnamed members of the ERC will continue to be excluded from enjoying on an equal basis the goods and services offered by Defendant's hotels that they would otherwise patronize.

92310.4

23. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act (ADA) and the DC Human Rights Act (HRA), an actual controversy exists between Plaintiffs and Defendant, which cannot be resolved absent judicial intervention.

24. Plaintiffs have no adequate remedy at law.

## CAUSES OF ACTION

### COUNT I – VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

25. Plaintiffs reallege the allegations in Paragraphs 1- 24 above as if set forth fully herein.

26. Individual Hilton hotels, including the Hilton Washington Embassy Row, Hilton Washington, Capital Hilton, and Hilton Oceanfront Resort, are public accommodations within the meaning of the ADA because they are private entities whose operations affect commerce and are places of lodging.

27. Title III of the ADA applies to Defendant Hilton Hotels Corporation because it owns, leases, or operates places of public accommodation.

28. The ADA prohibits discrimination on the basis of disability. Pursuant to Title III of the ADA, Defendant has a statutory responsibility to provide public accommodations that are fully and equally accessible to individuals with disabilities. Newly constructed hotels must provide such accommodations in accordance with the implementing regulations at Title 28 C.F.R. Pt. 36, App. A (ADA Standards for Accessible Design), Section 9. Newly renovated hotels must conform to the ADA Standards for Accessible Design to the maximum extent feasible pursuant to 42 U.S.C. § 12183. Existing hotels must remove barriers and meet the

requirements of the ADA Standards for Accessible Design to the extent that such efforts are readily achievable pursuant to 42 U.S.C. § 12182.

29. Section 9 of the ADA Standards for Accessible Design contains specific requirements regarding the proper spacing of furniture, the floor plan and layout of hotel guest rooms, and certain required equipment. In addition, in order to provide persons with disabilities a range of options equivalent to those available to other persons served by the facility, Section 9.1.4 requires that sleeping rooms and suites accessible to persons with disabilities must be dispersed among the various classes of sleeping accommodations available to patrons of the hotel.

30. On information and belief, the rooms, suites, and common areas of the Hilton Oceanfront Resort, Hilton Washington Embassy Row, Hilton Washington, and Capital Hilton, as well as most hotels owned and/or operated by Defendant, are newly renovated within the meaning of the ADA. Any remaining areas of the hotels are subject to the barrier removal and "readily achievable" requirements of the ADA.

31. As described above, Defendant has failed to conform to the requirements of the ADA Standards for Accessible Design, Section 9, failed to remove barriers from altered facilities to the maximum extent feasible, and failed to remove readily achievable barriers in existing facilities, in violation of 42 U.S.C. §§ 12181-12189.

32. Defendant is liable for the violations of Plaintiffs' rights under the ADA because at all times relevant hereto Defendant has and does own, lease (or lease to), or operate hotels, which are places of public accommodation as defined by the ADA. Additionally, Defendant's employees and/or agents were acting (a) with the consent of, (b) under the control or supervision of, and/or (c) within the authority as employees and/or agents of Defendant.

92310.4

## COUNT II - VIOLATION OF THE DISTRICT OF COLUMBIA HUMAN RIGHTS ACT

33. Plaintiffs incorporate by reference paragraphs 1-32 as if fully set forth herein.

34. At all times relevant to this action, the District of Columbia Human Rights Act, D.C. Code §§ 2-1401.01 et seq. (DCHRA), was in full force and effect in the District of Columbia.

35. The Defendant and each of its hotels in the District of Columbia is a "place of public accommodation" within the meaning of the DCHRA.

36. Plaintiff Fiedler is a person with disabilities within the meaning of the DCHRA.

37. Plaintiff Equal Rights Center is an organization whose mission includes representing the interests of its members, many of whom are persons with disabilities, within the meaning of the DCHRA, and eliminating discrimination against persons with disabilities.

38. The DCHRA prohibits discrimination against persons with disabilities. D.C. Code § 2-1402.31 provides, in pertinent part:

> (a) General. It shall be an unlawful discriminatory practice to do any of the following acts, wholly or partially for a discriminatory reason based on the ...disability...of any individual:
>
> (1) To deny, directly or indirectly, any person the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodations.

39. The DCHRA's prohibition of discrimination on the basis of disability applies to the same extent, and with the same effect, as Title III of the ADA.

40. The barriers identified in Paragraphs 8, 14 and 15 in the Hilton Washington Embassy Row, Hilton Washington, and Capital Hilton constitute discriminate based on disability in violation of the DCHRA.

92310.4

41. In failing to provide access to the identified hotels as required by the DCHRA in the manner described above, Defendant acted with callous disregard for the legally protected rights of Plaintiffs Fiedler and the Equal Rights Center and its members.

42. Defendant is liable for the violations of Plaintiffs' rights under the DCHRA because at all times relevant hereto Defendant's employees and/or agents were acting (a) with the consent of, (b) under the control or supervision of, and/or (c) within the authority as employees and/or agents of Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray that the Court:

A. Adjudge, order, and declare that Defendant has violated the provisions of the Americans with Disabilities Act, 42 U.S.C. §§ 12181 et seq., and the D.C. Human Rights Act, D.C. Code §§ 2-1401.01 et seq;

B. Award injunctive relief requiring Defendant to comply with all applicable sections of the ADA as to all hotel properties owned or operated by Defendant;

C. Enter judgment awarding the Plaintiffs compensatory damages in an amount appropriate to the proof at trial;

D. Award Plaintiffs the full costs of this action, including attorneys' fees.

E. Grant Plaintiffs such other and further relief as the Court deems appropriate.

92310.4

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

Dated: August 27, 2007

By: *[signature]*
Laura C. Fentonmiller, D.C. Bar #450813
CONSTANTINE CANNON LLP
1627 I Street, N.W., Suite 1000
Washington, D.C. 20006
Tel: (202) 204-4538
Fax: (202) 204-3501

Elaine Gardner, D.C. Bar #271262
WASHINGTON LAWYERS' COMMITTEE FOR
CIVIL RIGHTS & URBAN AFFAIRS
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel: (202) 319-1000
Fax: (202) 319-1010

*Attorneys for Plaintiffs*

CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

Equal Rights Center
11 Dupont Circle NW, Suite 400   &
Washington, DC 20036

Marc Fielder
2737 Devonshire Place NW #316
Washington, D.C. 20008

## DEFENDANTS

Hilton Hotel Corporation
9336 Civic Center Drive
Beverly Hills, CA 90210

Serve: United States Corporation Company
1090 Vermont Avenue, N.W.
Washington, D.C. 20005

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    11001
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    88888
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Laura C. Fentonmiller
Constantine Cannon LLP
1627 I. Street N.W., Suite 1000
Washington, D.C. 20006
Tel.: (202) 204-4538

Elaine Gardner
Washington Lawyers' Comm for Civil Rights & Urban Affairs
11 Dupont Circle, N.W., Suite 400
Washington, D.C. 20036
Tel.: (202) 319-1000

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
- ☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ◉ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☒ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title III of the Americans with Disabilities Act, 42 U.S.C., Sec. 12181 - failure to meet accessibility requirements for people with disabilities

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE August 27, 2007   SIGNATURE OF ATTORNEY OF RECORD *Laura Fentonmills*

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.