IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EQUAL RIGHTS CENTER et al.,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>HILTON HOTELS CORPORATION,<br>　　　　　　　　　Defendant. | Civ. Action No. 1:07-cv-01528-JR |

**ANSWER TO FIRST AMENDED COMPLAINT**

Defendant Hilton Hotels Corporation ("Hilton") hereby submits its Answer to the First Amended Complaint as follows:

1.　Hilton admits the allegations of the second sentence of paragraph 1. Hilton admits that it strives to offer its customers a quality hotel experience. Hilton further admits that it has a franchise website (www.hiltonfranchise.com) and avers that the website speaks for itself. The remaining allegations of paragraph 1 are subjective statements of opinion that are not required to be admitted or denied. To the extent that anything in paragraph 1 is construed as a factual allegation of liability on Hilton's part, the allegation is denied. Except as expressly admitted, all remaining allegations of paragraph 1 are denied.

2.　Hilton admits that it exercises significant control over the hotels that it both owns and manages for a number of reasons, including to protect the strength of its brand. Hilton avers that any control that it may have over the hotels that it manages for third party owners ("Managed Hotel(s)") or hotels that are owned and operated by third parties under a Hilton family brand ("Franchised Hotel(s)") is governed the terms of the management agreements or franchise license agreements that it has with the owners of those hotels, and the terms of such

agreements speak for themselves. Except as expressly admitted, all remaining allegations of paragraph 2 are denied.

3. Hilton admits that it has identified and corrected problems in the hotels that it both owns and manages. Hilton's authority (or lack of authority, as the case may be) to correct problems at Franchised Hotels and Managed Hotels is governed by the terms of the franchise or management agreements that it has with the owners of those hotels. Hilton admits that in 2005, it instituted programs to seek to upgrade the mattresses, linens and alarm clocks at various Hilton family brand hotels in the United States. Except as expressly admitted, all remaining allegations of paragraph 3 are denied.

4. Denied.

5. Denied.

6. Denied.

7. Hilton admits that guests can reserve rooms at Hilton family brand hotels that are accessible to persons with disabilities. Except as expressly admitted, all remaining allegations of paragraph 7 are denied.

8. Denied.

9. Denied.

10. Hilton admits that venue is proper with regard to Hilton and any claims relating to hotels owned and operated by Hilton and those Managed Hotels located in this judicial district, but denies that venue is proper for claims relating to any Managed or Franchised hotels owned by third parties and located outside of this judicial district. Except as expressly admitted, all remaining allegations of paragraph 10 are denied.

11. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 11. These allegations are therefore denied.

12. Hilton is without sufficient knowledge, information or belief to admit or deny the remaining allegations of paragraph 12. These allegations are therefore denied.

13. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 13. These allegations are therefore denied.

14. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 14. These allegations are therefore denied.

15. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 15. These allegations are therefore denied.

16. Hilton admits the first sentence of paragraph 16. In answer to the second sentence of paragraph 16, Hilton admits that it owns and operates a number of hotels, and that it operates a number of hotels in the United States that it does not own pursuant to management agreements with the owners of those hotels. Hilton admits that it operates the Hilton Washington located at 1919 Connecticut Avenue NW, Washington, DC 2009 and the Capitol Hilton located at 1001 16th Street, NW, Washington, DC 20036. Hilton admits that the Hilton family brands are: Conrad Hotel & Resorts, Doubletree, Embassy Suites, Hampton Inn, Hilton Hotel, Hilton Garden Inn, Hilton Grand Vacations, Homewood Suites, and Waldorf-Astoria Collection. Except as expressly admitted, all remaining allegations of paragraph 16 are denied.

A. Denied.

17. Denied.

18. Denied.

19. Hilton admits that the Capital Hilton has no accessible rooms with roll-in showers, but denies that the ADA or the DCHRA requires such roll-in showers at this hotel which was built in 1943. Hilton further admits that Hilton has renovated various parts of the hotel but denies that any alterations have been made to the guest rooms since January 26, 1992 that could trigger a requirement to install roll-in showers. Except as expressly admitted, Hilton denies all remaining allegations of paragraph 19.

20. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 20 which pertain to a Franchised Hotel that is owned and operated by a third party. These allegations are therefore denied.

21. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 21 which pertain to a Franchised Hotel that is owned and operated by a third party. These allegations are therefore denied.

22. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 22 which pertain to a Franchised Hotel that is owned and operated by a third party. These allegations are therefore denied.

23. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 23 which relate to the Franchised Hotels (Hilton San Diego Resort, Hilton Washington Embassy Row, Hilton Oceanfront Resort, Hilton DFW Lakes Conference Center, Hilton Alexandria Mark Center, Hilton Los Angeles North/Glendale, Doubletree Guest Suites, Philadelphia West, and the Hilton Washington, D.C./Rockville Hotel and Executive Meeting Center) and these allegations are therefore denied. Hilton denies the remaining allegations of paragraph 23.

    24.    Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 24 to the extent they relate to the Franchised Hotels (Hilton San Diego Resort, Hilton Washington Embassy Row, Hilton Oceanfront Resort, Hilton DFW Lakes Conference Center, Hilton Alexandria Mark Center, Hilton Los Angeles North/Glendale, Doubletree Guest Suites, Philadelphia West, and the Hilton Washington, D.C./Rockville Hotel and Executive Meeting Center), and these allegations are therefore denied.  Hilton denies the remaining allegations of paragraph 24.

B.    Denied.

    25.    Paragraph 25 is a legal argument that does not require a response.  To the extent a response is required, the allegations of this paragraph are denied.

    26.    Denied.

    27.    Hilton admits that its website, www.hilton.com, speaks for itself.  Except as expressly admitted, all allegations of paragraph 27 are denied.

    28.    Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 28 which pertain to a Franchised Hotel that is owned and operated by a third party.  These allegations are therefore denied.

    29.    Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 29 which pertain to a Franchised Hotel that is owned and operated by a third party.  These allegations are therefore denied.

C.    Denied.

    30.    Hilton avers that its website www.hiltonfranchise.com speaks for itself.  Hilton specifically denies that its contractual relationship with the independent owners of Franchised

Hotels makes Hilton an "operator" of these hotels as that term is defined by the ADA, and further denies all other allegations of paragraph 30.

      31.    Hilton admits that its press releases speak for themselves.  Except as expressly admitted, all remaining allegations of paragraph 31 are denied.

      32.    Denied.  Averring further, as to the Franchised Hotels, as previously averred, these are owned and operated by third parties, not by Hilton.

D.    Admitted.

      33.    Hilton admits that it takes actions to protect the strength of the Hilton family brands, and that its franchise website speaks for itself.  Except as expressly admitted, all remaining allegations of paragraph 33 are denied.

      34.    Hilton admits that it operates the "Hilton HHonors" program where individuals are awarded points for staying at Hilton-branded hotels that can be redeemed for free nights and that it offers a "Hilton HHonors" Visa card that allows cardholders to earn points redeemable for free nights at Hilton-branded hotels.  The remaining allegations of paragraph 34 are subjective statements of opinion that are not required to be admitted or denied.  To the extent that anything in paragraph 34 is construed as a factual allegation of liability on Hilton's part, the allegation is denied.  Except as expressly admitted, all remaining allegations of paragraph 34 are denied.

E.    Denied.

      35.    The first sentence of paragraph 35 is admitted.  Hilton admits that its press releases speak for themselves.  Except as expressly admitted, all remaining allegations of paragraph 35 are denied.

      36.    Admitted.

      37.    Denied.

38. Denied.

F. Denied.

39. Denied.

40. Hilton admits that at some point in 2007 an employee of Hilton contacted the ERC for the limited purpose of advising Hilton on a matter relating to the use of service animals at one of its hotels, but ultimately did not retain ERC. Except as expressly admitted, the remaining allegations of paragraph 40 are denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Hilton admits that what was previously the Doubletree Hotel in Rockville, Maryland, located at 1750 Rockville Pike, Rockville, Maryland 20852 is now operating as the Hilton Washington DC/Rockville Executive Hotel and Meeting Center. Hilton is without sufficient knowledge, information or belief to admit or deny the remaining allegations of paragraph 45 which pertain to a Franchised Hotel which is neither owned nor operated by Hilton. These allegations are therefore denied.

46. In Answer to the first sentence of paragraph 46, Hilton admits that AAPD hosted an event at the Capital Hilton in March 2007. In answer to the second and third sentences of paragraph 46, Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 46 and these allegations are therefore denied. Except as expressly admitted, all remaining allegations of paragraph 46 are denied.

47. Denied.

48. Denied.

49. Denied.

50. Hilton is without sufficient knowledge, information or belief to admit or deny the remaining allegations of paragraph 50 which pertain to a Franchised Hotel which is neither owned nor operated by Hilton. These allegations are therefore denied.

51. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 51. These allegations are therefore denied.

52. Admitted.

53. Admitted.

54. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of the first two sentences of paragraph 54, and these allegations are therefore denied. Hilton denies all remaining allegations of paragraph 54.

55. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 55. These allegations are therefore denied.

56. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of the first two sentences paragraph 56, and these allegations are therefore denied. Hilton denies all remaining allegations of paragraph 56.

57. Hilton admits that the AAPD hosted an event at the Capital Hilton in 2007. Hilton is without sufficient knowledge, information or belief to admit or deny the remaining allegations of paragraph 57. These allegations are therefore denied.

58. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of the first sentence of paragraph 58. These allegations are therefore denied. Hilton admits that the Capitol Hilton does not have any rooms that contain roll-in showers, but denies

that the ADA or the DCHRA requires such roll-in showers at this hotel which was constructed in 1943. Except as expressly admitted, all remaining allegations of paragraph 58 are denied.

59. Hilton admits that, in response to the request of a guest for a roll-in shower room, the management of the Capital Hilton would have likely offered to find such a guest a room at another hotel with a roll-in shower and that the hotel would have paid for the guest's accommodations at that hotel. If the guest did not wish to stay at another hotel, the management would have informed the guest of the availability of roll-in shower in the fitness center. Answering further, AAPD was aware of the lack of roll-in showers as early as January 2007 and was advised by Hilton of (1) the technical difficulty involved with creating roll-in showers in a 1943 hotel and (2) that roll-in showers would be installed when a major bathroom renovation took place. Except as expressly admitted, Hilton denies all the allegations of paragraph 59.

60. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of the first sentence of paragraph 60, and these allegations are therefore denied. Hilton denies all remaining allegations of paragraph 60.

61. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of the first four sentences of paragraph 61, and these allegations are therefore denied. Hilton denies all remaining allegations of paragraph 61.

62. Denied.

63. Hilton incorporates its responses to paragraphs 1-62 of the First Amended Complaint as if set forth verbatim.

64. The allegations of paragraph 64 are legal conclusions that are not required to be admitted or denied. To the extent that anything in paragraph 64 is construed as a factual allegation of liability on Hilton's part, the allegation is denied. Answering further, Hilton states

that the plaintiffs improperly lump together properties of different sorts, namely hotels owned and operated by Hilton, hotels merely operated by Hilton, and Franchised Hotels owned and operated by third parties.

65. Hilton admits that Title III of the ADA applies to Hilton with regard to hotels that it owns or that are under its management, but denies that it owns or operates any hotels that are owned and managed by independent third party franchisees. Except as expressly admitted, all remaining allegations of paragraph 65 are denied.

66. The allegations of paragraph 66 are legal conclusions that are not required to be admitted or denied. To the extent that anything in paragraph 66 is construed as a factual allegation of liability on Hilton's part, the allegation is denied.

67. The allegations of paragraph 67 are legal conclusions that are not required to be admitted or denied. To the extent that anything in paragraph 67 is construed as a factual allegation of liability on Hilton's part, the allegation is denied. Answering further, Hilton denies that Section 9.1.4 of the ADAAG requires dispersion of guest rooms for hotels constructed prior to January 26, 1993.

68. The allegations of paragraph 68 are legal conclusions that are not required to be admitted or denied. Hilton further avers that the phrase "newly renovated" is nowhere used or defined in the ADA or its implementing regulations. To the extent that anything in paragraph 68 is construed as a factual allegation of liability on Hilton's part, the allegation is denied.

69. Denied.

70. Denied.

71. Hilton incorporates its responses to paragraphs 1-70 of the First Amended Complaint as if set forth verbatim.

72. Admitted.

73. Hilton admits that the Hilton family brand hotels located in the District of Columbia are places of public accommodation within the meaning of the DCHRA. Except as expressly admitted, all remaining allegations of paragraph 73 are denied.

74. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 74. These allegations are therefore denied.

75. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 75. These allegations are therefore denied.

76. Hilton is without sufficient knowledge, information or belief to admit or deny the allegations of paragraph 76. These allegations are therefore denied.

77. The allegations of paragraph 77 are legal conclusions that are not required to be admitted or denied. To the extent that anything in paragraph 77 is construed as a factual allegation of liability on Hilton's part, the allegation is denied.

78. The allegations of paragraph 78 are legal conclusions that are not required to be admitted or denied. To the extent that anything in paragraph 78 is construed as a factual allegation of liability on Hilton's part, the allegation is denied. Answering further, Hilton states that the DCHRA provisions are applicable only within the District of Columbia.

79. Denied.

80. Denied.

81. Denied.

Hilton denies that Plaintiffs are entitled to any relief whatsoever on their First Amended Complaint.

All allegations not heretofore admitted or denied are hereby denied.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the First Amended Complaint, Hilton states the following affirmative and other defenses:

## FIRST DEFENSE

The First Amended Complaint fails to state a claim, in whole or in part, upon which relief may be granted.

## SECOND DEFENSE

Some or all of Plaintiffs' claims are barred by the applicable statute of limitations and/or other statutory or other provisions of law.

## THIRD DEFENSE

Plaintiffs lack standing to bring some or all of the claims asserted herein and/or to obtain the relief requested.

## FOURTH DEFENSE

No relief can be granted with regard to the Franchised Hotels that are owned by non-parties that are necessary and indispensable parties. The claims pertaining to such hotels should be dismissed.

## FIFTH DEFENSE

No relief can be granted with regard to the Managed Hotels that are owned by non-parties that are necessary and indispensable parties. The claims pertaining to such hotels should be dismissed.

## SIXTH DEFENSE

Plaintiff ERC does not have standing to sue for injuries or violations that took place during the period when its Articles of Incorporation were revoked by the District of Columbia.

## SEVENTH DEFENSE

Hilton does not own or operate any of the hotels that are owned and managed by third parties who operate the hotels under a franchise license agreement with Hilton.

## EIGHTH DEFENSE

All actions taken with respect to Plaintiffs were taken in good faith and for legitimate business reasons.

## NINTH DEFENSE

Hilton did not act with bad faith, evil motive, willfulness, malice or reckless indifference toward Plaintiffs.

## TENTH DEFENSE

The applicable law does not entitle Plaintiffs to recover compensatory or punitive damages as to some or all of their claims.

## ELEVENTH DEFENSE

There are no barriers to accessibility at the public accommodations at issue in this case. Assuming, *arguendo*, that any barriers as alleged do exist, their removal is not readily achievable in whole or in part and/or they do not materially affect usability.

## TWELFTH DEFENSE

Any and all alterations, as defined in Title III of the ADA, after January 26, 1992 were made so that to the maximum extent feasible, the altered portion of the facilities, if any, are readily accessible to and usable by individuals with disabilities.

### THIRTEENTH DEFENSE

To the extent that any alterations were made triggering the requirements of 28 C.F.R. § 36.403 (path of travel), the cost of meeting those requirements are disproportionate to the cost of the alterations.

### FOURTEENTH DEFENSE

Assuming, arguendo, that the ADA Accessibility Guidelines are deemed relevant in this case, any deviations from those guidelines are de minimis and within construction tolerances.

### FIFTEENTH DEFENSE

The alleged deficiencies asserted in the First Amended Complaint are not required to be corrected by applicable law because the correction is not readily achievable or feasible, or is structurally impracticable in whole or in part.

### SIXTEENTH DEFENSE

Assuming, arguendo, that any barriers as alleged do exist, their removal is beyond the control or capacity of Defendant and/or are barred by fire or other regulations.

### SEVENTEENTH DEFENSE

All actions taken with regard to the design and construction of the facilities in question were taken in good faith and for legitimate, lawful business reasons.

### EIGHTEENTH DEFENSE

The facilities in question provide equivalent facilitation and/or appropriate means for patrons with disabilities to enjoy their goods, facilities and services.

**NINETEENTH DEFENSE**

Plaintiffs' claims are barred in whole or in part because Plaintiffs were not bona fide patrons of the facilities in question, but visited those facilities for purposes of instituting the instant litigation.

**TWENTIETH DEFENSE**

Many, if not all of the conditions alleged to violate ADA and the DCHRA no longer exist, and Plaintiffs' claims for relief are therefore moot.

**TWENTY FIRST DEFENSE**

Plaintiffs are not entitled to the recovery of attorneys fees for moot claims under Buckhannon Bd. & Care Home v. West Virginia Dept. Of Health And Human Resources, 532 U.S. 598 (2001).

**TWENTY SECOND DEFENSE**

All claims relating to any action or inaction at hotels located outside of the District of Columbia may not be the subject of claims under the DCHRA.

**TWENTY THIRD DEFENSE**

The ADA and DCHRA do not require lodging facilities constructed before January 26, 1993 to disperse accessible rooms created through alterations across different classes or categories such as rooms with ocean views or rooms with two beds.

**TWENTY FOURTH DEFENSE**

Defendant reserves the right to assert additional affirmative or other defenses with regard to some or all of Plaintiffs' claims.

WHEREFORE, Hilton prays that the First Amended Complaint be dismissed with prejudice and that it be awarded its costs and reasonable attorney's fees and any such other relief as the Court deems just and proper.

Dated: May 29, 2008                              Respectfully submitted,

                                                          /s/ Minh N. Vu
Frank C. Morris, Jr., Esq. (Bar No. 211482)
Minh Vu, Esq. (Bar No. 444305)
EPSTEIN BECKER & GREEN, P.C.
1227 25th Street, N.W.
Washington, D.C. 20037
Tel: (202) 861-0900
Fax: (202) 296-2882

Lisa A. Krupicka, Esq. (admitted pro hac vice)
BURCH, PORTER & JOHNSON, PLLC
130 N. Court Avenue
Memphis, Tennessee 38103
Tel.: (901) 524-5000
Fax: (901) 524-5024

Counsel for Defendant,
Hilton Hotels Corporation

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the Court's electronic filing system to August J. Matteis, Jr., Esq. and Benjamin Davidson of Gilbert Randolph, LLP, 1100 New York Ave. N.W., Suite 700, Washington, DC 20009; and to Elaine Gardner, Esq., Washington Lawyers' Committee for Civil Rights & Urban Affairs, 11 Dupont Circle, NW, Suite 400, Washington, DC 20036, this 29th day of May, 2008.

　　　　　　/s/　　　Minh N. Vu